

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL CASE NO 1:06-CR-80** |
| | § | |
| **CARLTON RAY MASON** | § | |

**REPORT AND RECOMMENDATION
ON DEFENDANT'S COMPETENCY TO STAND TRIAL**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal matter is before the undersigned United States Magistrate upon referral from the District Court. The Court now its enters its recommendation that the District Court find that Defendant, Carlton Ray Mason, is currently incompetent to stand trial.

A.  Background

Pursuant to the motion of counsel and based upon evidence presented to the Court related to Mr. Mason's mental state, United States District Judge Marcia A. Crone entered an order directing the mental examination of Defendant to determine his competency to stand trial [Clerk's doc. #18]. In that order, Judge Crone directed that Mr. Mason be committed to custody of the Attorney General for examination by a psychiatrist or psychologist to determine whether, pursuant to 18 U.S.C. § 4241, he is suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him and to assist in his defense.

On September 22, 2006, the warden of the Federal Correctional Center in Fort Worth, Texas, issued his notification to the Court that an examiner had completed her psychological evaluation of Mr. Mason. Lisa Bellah, Ph.D., accompanied by her staff, found that Mr. Mason does suffer from a mental disease or defect which appears to influence his ability to proceed to trial. Specifically, she found that Mr. Mason suffers from delusional beliefs and delusional disorder which negatively influences his ability to assist in his defense. She accordingly concluded that Mr. Mason is not competent to stand trial. She also recommended that the Defendant be transferred to a Medical Referral Center for purposes of further evaluation and determination of restoration of competency. The report reflecting Dr. Bellah's opinion in detail and setting forth the corresponding psychological findings was filed in the record under seal and forwarded to both Defendant's attorney and the attorney for the Government.

On October 11, 2006, this Court conducted a competency hearing to address the findings contained within the report. The Government did not object to the findings. The Defendant himself attempted to object to the findings in open court, but his attorney represented that the Defendant did not object to the statutory requirement that Mr. Mason continue to be evaluated to determine whether he can attain the competency necessary for the case to proceed. The parties agreed with this Court's ultimate recommendation that Mr. Mason be found incompetent to stand trial at this time and that he be committed to the custody of the Attorney General for hospitalization in accordance with 18 U.S.C. § 4241(d).

    B.    <u>Conclusion and Recommendation</u>

Accordingly, based upon the opinion issued by the forensic evaluator, Dr. Lisa Bellah, and the forensic psychology staff of the Federal Correctional Institution in Fort Worth, Texas, the

undersigned United States Magistrate recommends that the District Court find by a preponderance of the evidence that Carlton Ray Mason is incompetent to stand trial under 18 U.S.C. § 4241. The Court further recommends that Carlton Ray Mason be committed to the custody of the Attorney General. Upon commitment, the Attorney General should be directed to hospitalize the Defendant for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed. *See* 18 U.S.C. § 4241(d). On or before the end of this four-month period, the Attorney General or his designee should file a report on the mental state of Defendant. At that time, the undersigned United States Magistrate will revisit the issue of Mr. Mason's competency to stand trial pursuant to 18 U.S.C. § 4241(d).

C.   Objections

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's

report and recommendation.  *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 12nd day of October, 2006.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE