

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL CASE NO 1:06-CR-80** |
| | § | |
| **CARLTON RAY MASON** | § | |

### SECOND REPORT AND RECOMMENDATION
### ON DEFENDANT'S COMPETENCY TO STAND TRIAL

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States Magistrate upon referral from the District Court. The Court now its enters its recommendation that the District Court find that Defendant, Carlton Ray Mason, is competent to stand trial.

A. Background

Pursuant to the motion of counsel and based upon evidence presented to the Court related to Mr. Mason's mental state, United States District Judge Marcia A. Crone entered an order directing the mental examination of Defendant to determine his competency to stand trial [Clerk's doc. #18]. This Court received the initial examiner's report, conducted a competency hearing, and recommended that the District Court find Mr. Mason incompetent at that time. On November 9, 2006, the District Court adopted that recommendation and found Mr. Mason incompetent to stand trial. *See Order* [Clerk's doc. #32]. Judge Crone further ordered that Mr. Mason be committed to the custody of the Attorney General for a reasonable period of time to determine whether there is a

substantial probability that Mr. Mason would attain the capacity for his trial to proceed in accordance with 18 U.S.C. § 4241(d).

On April 20, 2007, the warden of the Federal Medical Center in Butner, North Carolina, issued his notification to the Court that an examiner had concluded that Mr. Mason is now competent to stand trial. The warden also issued a *Certificate of Restoration of Competency to Stand Trial*, in which the warden affirms that Mr. Mason is able to understand the nature and consequences of the proceedings against him and to assist in his own defense. The certificate was issued and filed with the Clerk of Court in accordance with 18 U.S.C. § 4241(e).[1]

Several examiners, including psychologists and the staff psychiatrist at the Federal Medical Center in Butner, North Carolina, evaluated Mr. Mason and prepared the corresponding report. The examiners concluded that Mr. Mason is competent to stand trial at this time.

The report, which reflects the examiner's method of evaluation, the tests performed, and sets forth the corresponding psychological findings, was filed in the record under seal and forwarded to both Defendant's attorney and the attorney for the Government. On this date, the Court conducted a competency hearing to address the findings set forth in the psychological report. Neither party objected to final determination that Mr. Mason is now competent to stand trial.

B.     Conclusion and Recommendation

Accordingly, based upon the opinion issued by the examiners at the Federal Medical Center in Butner, North Carolina, the *Certificate of Restoration of Competency*, and the agreement of the

---

[1] "Discharge. When the director of the facility in which a defendant is hospitalized pursuant to subsection (d) determines that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, he shall promptly file a certificate to that effect with the clerk of the court that ordered the commitment." 18 U.S.C. § 4241(e).

parties, the undersigned United States Magistrate recommends that the District Court find by a preponderance of the evidence that Carlton Ray Mason's mental condition is so improved that he is competent to stand trial under 18 U.S.C. § 4241(d) and (e). The Court accordingly further recommends that the case be set for trial or other proceedings.

C.    Objections

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 16th day of May, 2007.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE